IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ANDREW WILLIAM ECKERD,

    Plaintiff,

v.

NIGEL LUSH, et al.,

    Defendants.

CIVIL ACTION NO.: 2:22-cv-125

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Doc. 1. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A and on Plaintiff's Motion for Preliminary Injunction. Doc. 8. For the following reasons, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety. Doc. 1. Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal. Finally, I **RECOMMEND** the Court **DENY** Plaintiff's Emergency Motion for an Injunction. Doc. 8. Also, I **DENY as moot** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* in this Court. Doc. 2.

## PLAINTIFF'S CLAIMS[1]

Plaintiff brings this action under § 1983.  Doc. 1.  Plaintiff alleges 29 Defendants violated his constitutional rights during the course of his October 2020 arrest, detention, and prosecution for drug possession charges.  Plaintiff brings constitutional claims against six Georgia Superior Court judges, an assistant district attorney, two public defenders, numerous police officers, several witnesses, and several entity defendants, among others.  Id. at 2–26.

## DISCUSSION

### I. Dismissal Under 28 U.S.C. § 1915(g)

A prisoner seeking to proceed *in forma pauperis* in a civil action against officers or employees of government entities must comply with 28 U.S.C. § 1915 of the Prison Litigation Reform Act of 1995 ("PLRA").  Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g).  Section 1915(g) "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals."  Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).  The Eleventh Circuit Court of Appeals upheld the constitutionality of § 1915(g) in Rivera v. Allin, concluding § 1915(g) does not violate the doctrine of separation of powers, nor does it violate an inmate's rights to access to the courts, to due process of law, or to equal protection.  Rivera, 144 F.3d at 723–28.

---

[1] All allegations set forth here are taken from Plaintiff's Complaint.  Doc. 1.  During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true."  Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

2

A review of Plaintiff's history of filings reveals he has brought at least four civil actions that were dismissed and constitute strikes under § 1915(g):

1) <u>Eckerd v. Ga. Dep't of Corr.</u>, No. 2:17-cv-21, 2017 WL 3707406 (S.D. Ga. Aug 28, 2017) (case dismissed for failure to state a claim and failure to follow the Court's Orders);

2) <u>Eckerd v. Cannon</u>, No. 2:17-cv-108, 2017 WL 6029612 (S.D. Ga. Dec. 6, 2017) (case dismissed for failure to state a claim);

3) <u>Eckerd v. Cannon</u>, No. 2:17-cv-100, 2018 WL 505090 (S.D. Ga. Jan 22, 2018) (case dismissed for failure to state a claim); and

4) <u>Eckerd v. Kelley</u>, No. 2:17-cv-129, 2018 WL 2185523 (S.D. Ga. May 11, 2018) (case dismissed for failure to state a claim).

Additionally, Plaintiff has been identified as a three-striker in <u>Eckerd v. Corrections Corp. of Am.</u>, No. 5:18-cv-71, 2020 WL 475816 (S.D. Ga. Jan. 13, 2020); <u>Eckerd v. Glynn Cnty. Sherriff's Dep't</u>, No. 2:20-cv-12, 2020 WL 7379377 (S.D. Ga. Nov. 24, 2020); and <u>Eckerd v. Glynn Cnty. Police Dep't</u>, No. 2:20-cv-133, 2021 WL 386414 (S.D. Ga. Feb. 3, 2021).

Plaintiff explains "the U.S. Court . . . docketed a notice as an entirely separate lawsuit against Jennifer Cannon," resulting in a claim being erroneously assigned a strike. Doc. 1 at 29. Presumably, Plaintiff refers to <u>Eckerd v. Cannon</u>, No. 2:17-cv-108, 2017 WL 6209612 (S.D. Ga. Dec. 6, 2017), and <u>Eckerd v. Cannon</u>, No. 2:17-cv-100, 2018 WL 505090 (S.D. Ga. Jan 22, 2018). The Court dismissed both actions for failure to state a claim. Plaintiff plainly initiated each action with separate complaints on two different dates. The Court dismissed each action with a separate Order for failure to state a claim. In fact, the Magistrate Judge's Report and Recommendation in No. 2:17-cv-108 addresses the duplicative Complaints. Each of these two § 1983 actions count as a strike under the PLRA. If Plaintiff believes dismissal was inappropriate, his "remedy was to directly appeal the dismissal and correct the error." <u>Wells v. Brown</u>, No. 21-10550, 2023 WL 1431426, at *10 (11th Cir. Feb. 1, 2023) (pending publication).

3

Further, even if one of Plaintiff's Cannon civil actions were filed and dismissed in error, Plaintiff still has at least three other civil actions which qualify as strike.

Consequently, Plaintiff cannot proceed *in forma pauperis* in this action unless he can demonstrate he meets the "imminent danger of serious physical injury" exception to § 1915(g). "[A] prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g) . . . ." Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004); see also Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding plaintiff failed to qualify under imminent danger exception because complaint could not be construed as "constituting an allegation that he was in imminent danger of serious physical injury at the time he filed his [c]omplaint or that he was in jeopardy of any ongoing danger").

Plaintiff's allegations are insufficient to show he was in imminent danger when he brought this action on October 27, 2022, as required to surpass § 1915(g)'s three strikes provision. Plaintiff fails to allege anything in his Complaint indicating he is in imminent danger of serious physical injury. Plaintiff alleges an illegal search and arrest occurred in October 2020 and improper legal process was used to prosecute him for the resulting charges. He does not allege any ongoing danger when he filed his Complaint. See Smith v. Dewberry, 741 F. App'x 683, 686 (11th Cir. 2018) ("[A] three-strike prisoner must show that he was in imminent danger of serious physical injury or was in jeopardy of an ongoing danger at the time he filed his complaint."). As Plaintiff does not qualify for the imminent danger exception, his status as a "three-striker" precludes him from proceeding in this case *in forma pauperis*. Accordingly, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint due to his failure to prepay the entire filing fee in this case.

II.     **Plaintiff's Preliminary Injunction Request**

Plaintiff filed an Emergency Motion for an Injunction, asking the Court to order his release from prison or to otherwise clarify the terms of his Georgia prison sentence. Doc. 8.

A "prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) (quoting Preiser v. Rodriguez, 411 U.S. 475, 489 (1973)); see also Johnson v. Chisholm, No. 4:09-cv-143, 2009 WL 3481904, at *1 (S.D. Ga. Oct. 28, 2009) (explaining a pre-trial detainee seeking preliminary and permanent injunctions of his state criminal proceedings, dismissal of his state charges, and immediate release failed to advance a cognizable claim under § 1983 because his sole remedy was to file a habeas petition under 28 U.S.C. § 2241). To the extent Plaintiff is challenging the fact and duration of his confinement and is seeking release from that confinement, he is requesting habeas corpus relief.

As for the proper form of habeas relief, a challenge to the legality of pretrial detention (as opposed to detention pursuant to a judgment of conviction) is properly brought pursuant to 28 U.S.C. § 2241. See Hughes v. Att'y Gen. of Fla., 377 F.3d 1258, 1261–62 (11th Cir. 2004) ("The present habeas petition was initially brought pursuant to 28 U.S.C. § 2254. However, because this petition for habeas relief is a pre-trial petition it would only be properly asserted pursuant to 28 U.S.C. § 2241."). Accordingly, to the extent Plaintiff seeks injunctive relief to release him from pre-trial custody, this portion of Plaintiff's filing should be construed as a § 2241 habeas corpus petition rather than a § 1983 action. Before bringing a federal habeas action, a plaintiff is required to fully exhaust state remedies. Wilkinson, 544 U.S. at 79 (citing Preiser, 411 U.S. at 486). Here, there is no indication Plaintiff has fully exhausted his state remedies, and he has not satisfied a necessary prerequisite for filing a federal habeas petition.

Accordingly, I **RECOMMEND** the Court **DENY** Plaintiff's Emergency Motion for an Injunction.

### III. Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Moreover, as a "three-striker," Plaintiff is not only barred from filing a civil action *in forma pauperis*, he is also barred from

filing an appeal *in forma pauperis* while he is a prisoner. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety. Doc. 1. Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal. Finally, I **RECOMMEND** the Court **DENY** Plaintiff's Emergency Motion for an Injunction. Doc. 8. Also, I **DENY as moot** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* in this Court. Doc. 2.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not

meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

      **SO ORDERED** and **REPORTED and RECOMMENDED**, this 6th day of February, 2023.

                                    BENJAMIN W. CHEESBRO
                                    UNITED STATES MAGISTRATE JUDGE
                                    SOUTHERN DISTRICT OF GEORGIA